IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM WATSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )    CIV-12-1079-D |
| v. | ) |
| | ) |
| MIKE ADDISON, Warden, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Murder in the Second Degree entered pursuant to his guilty plea in the District Court of Canadian County, Case No. CF-2010-143. In lieu of a response, Respondent has moved to dismiss the Petition on the ground of failure to exhaust available state court remedies. In response to the Motion to Dismiss, Petitioner has moved to stay this habeas proceeding pending his exhaustion of state court remedies. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that both motions be denied.

Petitioner asserts in his Petition that he was charged in the District Court of Canadian County on April 4, 2010, with the offense of Murder in the First Degree in Case No. CF-2010-143. Counsel was appointed to represent Petitioner. Pursuant to a negotiated plea

agreement, on August 25, 2010, the prosecution amended the information to charge Petitioner with the offense of Murder in the Second Degree, and Petitioner entered a guilty plea to the amended charge on the same date. He was sentenced pursuant to the agreement to serve a 30-year term of imprisonment with five years suspended.

According to Petitioner, he moved to withdraw the plea, and new counsel was appointed to represent him with respect to the motion. In September 2010, a hearing was conducted in the district court on his application to withdraw the plea, and the district court denied the motion. Petitioner filed a certiorari appeal to the Oklahoma Court of Criminal Appeals ("OCCA") in which he asserted that his plea was not knowingly and voluntarily entered. Petition, at 2; Brief in Support of Motion to Dismiss, Ex 1. In a summary opinion, the OCCA denied Petitioner's application for certiorari and affirmed the conviction and sentence. The OCCA specifically found in its opinion that "[t]he district court's decision that Watson entered his plea knowingly, voluntarily and with a full understanding of the consequences is supported by the record." Brief in Support of Motion to Dismiss, Ex. 1.

In his Petition, Petitioner asserts as a single ground for habeas relief that his plea was not voluntarily and knowingly entered because he was coerced and pressured to enter the plea by his defense attorney "without time for deliberation and misunderstanding he could withdraw plea within ten days as discretionary if he decided to do so." Petition, at 5. Petitioner states that he exhausted this ground for habeas relief in his certiorari appeal. Petition, at 6.

Despite the fact that the only ground for habeas relief asserted in the Petition was

exhausted in Petitioner's certiorari appeal, Respondent asserts that the Petition should be dismissed on the basis of Petitioner's failure to exhaust available state court remedies. Respondent asserts that Petitioner has a pending post-conviction appeal before the OCCA and that the Petition is therefore "unexhausted and should be dismissed." Brief in Support of Motion to Dismiss, at 2.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See 28 U.S.C. §2254(b)(1)("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State; or ... there is an absence of available state corrective process; or ... circumstances exist that render such process ineffective to protect the rights of the applicant."); Baldwin v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982). "The exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999)(quoting Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994)).

Because of the exhaustion requirement, "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and

3

unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005). The Petition filed by Petitioner is not a mixed petition, however, because Petitioner has exhausted his state court remedies concerning the claim asserted in the Petition. Accordingly, Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies should be denied, and Respondent should be directed to respond to the Petition.

Petitioner's Motion to Stay Habeas Proceedings should also be denied. In his Motion, Petitioner requests that the Court apply a "stay" consistent with the "stay-and-abeyance" procedure recognized in Rhines. In that case, the Supreme Court reasoned that in instances in which a petitioner's "mixed" petition asserts unexhausted habeas claims and the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations, codified at 28 U.S.C. § 2244(d)(1), might bar the petitioner from returning to federal court after exhausting his or her previously unexhausted claims in state court the district court may administratively stay the federal habeas proceeding until the petitioner exhausts state court remedies concerning the unexhausted claims. As the Court explained, "[u]nder this procedure, rather than dismiss the mixed petition pursuant to [Rose v. Lundy, 455 U.S. 509 (1982)], a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." Rhines, 544 U.S. at 275-276. Although Petitioner suggests that he may choose to amend his Petition once the post-conviction appeal pending before the OCCA is resolved, Petitioner has not sought to amend his Petition or raised any unexhausted

claims before this Court. Therefore, Petitioner's Motion to Stay should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies (Doc. # 7) be DENIED and Petitioner's Motion to Stay Habeas Proceeding (Doc. # 10) be DENIED.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by __December 3rd__, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation does not dispose of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __13th__ day of __November__, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE