IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM MATHEW WATSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-1079-D |
| | ) | |
| CARL BEAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 31], issued by United States Magistrate Judge Charles B. Goodwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Goodwin recommends the denial of the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Within the extended time period authorized by the Court, Petitioner has filed a written objection. Accordingly, the Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus with respect to a criminal conviction in August 2010 upon a negotiated plea of guilty to a reduced charge of second degree murder. The Amended Petition asserts two claims for relief: 1) ineffective assistance of appellate counsel; and 2) ineffective assistance of trial counsel. In a 27-page Report, Judge Goodwin conducts a thorough analysis of the relevant issues and concludes

that Petitioner has failed to show the Oklahoma Court of Criminal Appeals ("OCCA") reached a decision regarding his first claim that was contrary to or an unreasonable application of clearly established federal law, as required by 28 U.S.C. § 2254(d)(1), and that Petitioner has failed to overcome a state procedural bar of his second claim.

Liberally construing the Objection, Petitioner challenges the legal conclusions reached by Judge Goodwin and objects to Judge Goodwin's deference to state court findings of fact. Petitioner does not object to Judge Goodwin's summary of the relevant case history and the generally applicable legal standards, and therefore, further review of these portions of the Report is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Upon *de novo* consideration of the issues raised by Petitioner's Objection, the Court finds that Judge Goodwin's analysis is entirely correct. To the extent Petitioner contends he is entitled to relief under 28 U.S.C. § 2254(d)(2) – that OCCA's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" – the Court rejects this contention. Determinations of factual issues by the state courts are presumed to be correct, and Petitioner has failed to overcome the presumption of correctness, as required by § 2254(e)(1). To the extent Petitioner contends he is entitled to relief under § 2254(d)(1) – that OCCA's decision "was contrary to, or an unreasonable application of, clearly established Federal law" – the Court cannot add significantly to Judge Goodwin's careful analysis of the issues presented. The Court therefore adopts the Report and Recommendation in its entirety as though fully set forth herein.

IT IS THEREFORE ORDERED that the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 23] is denied. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 15th day of July, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE